J-S55019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AARON CARTER, | : | |
| | : | |
| Appellant | : | No. 3197 EDA 2013 |

Appeal from the PCRA Order Entered October 25, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0011928-2007.

BEFORE:  BOWES, SHOGAN and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:          **FILED NOVEMBER 13, 2014**

Appellant, Aaron Carter, appeals *pro se* from the order entered on October 25, 2013, that denied his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this matter were set forth by the PCRA court as follows:

> On December 1, 2008, after an extensive colloquy, petitioner Aaron Carter ("Carter") rejected the Commonwealth's offer to enter a non-negotiated guilty plea to the charge of Murder of the Third Degree, with the suggested penalty of 15-30 years of incarceration, and a jury was selected.[1] On December 2, 2008, Carter was arraigned on the charges of Murder, Carrying Firearms Without a License ("VUFA 6106"), Carrying Firearms in Public in Philadelphia ("VUFA 6108"), and Possession of Instrument of Crime ("PIC") on bill of information CP-51-CR-0011928-2007 and he pled not guilty. The trial court conducted a hearing on Carter's Motion to Suppress his statement given to police; the court denied the motion and trial testimony began.

On December 3, 2008, after a second extensive colloquy, Carter entered into a **non-negotiated guilty plea** to the charges of Murder of the Third Degree (F1) and PIC … (M1) and sentencing was deferred to January 23, 2009. On January 23, 2009, Carter was sentenced to 20-40 years of incarceration with credit for time served. Carter filed post-sentence motions, which were denied by the trial court, and Carter filed a Notice of Appeal to the Superior Court of Pennsylvania. The Superior Court affirmed Carter's convictions and judgment of sentence on March 22, 2010.

> [1] *See generally* N.T. 12/1/2008 (providing conveyance of offer, discussion about offer, and ultimate rejection of offer by defendant).

On December 30, 2010, Carter filed a timely PCRA petition. PCRA counsel was appointed and, on June 6, 2013, counsel filed a *Finley*[2] Letter. The matter was first listed before this court for decision on July 31, 2013. On July 31, 2013, following a review of the record, this court sent Carter a 907 Notice [of intent to dismiss], pursuant to Pa.R.Crim.P. 907(1), which included an Opinion. This court received a response which this court accepted as Carter's response to the 907 Notice.[1] Following a review of the record, evidence, argument of counsel, and Carter's response to the 907 Notice, this court [granted counsel's motion to withdraw and] dismissed the PCRA petition on October 25, 2013.

---

[1] The record reflects that on August 9, 2013, Appellant filed a motion for an extension of time in which to respond to the PCRA court's Pa.R.Crim.P. 907 notice of intent to dismiss. There is no order granting this first request for an extension of time. However, on October 15, 2013, Appellant filed a second motion for an extension of time to respond to the Rule 907 notice. In that motion, Appellant also included argument and averred that PCRA counsel was ineffective for filing a motion to withdraw as counsel because prior counsel were ineffective, and his guilty plea was involuntary. It appears that, although it was untimely, and despite there being no order granting an extension, the October 15, 2013 filing was treated as Appellant's response to the Rule 907 notice of intent to dismiss. There is no order granting the October 15, 2013 motion for an extension of time in which to file a further response.

> [2] *Com. v. Finley*, 550 A.2d 213, 215 (Pa. Super. 1988).

PCRA Court Opinion, 12/5/13, at 1-2 (emphasis added). Appellant timely appealed.

On appeal, Appellant raises the following seven issues for this Court's consideration, which are set forth, *verbatim*, below:

1. Whether the PCRA court erred by allowing PCRA Counsel to withdraw and dismissing PCRA petition, when petition had meritorious issue's ?

2. Whether PCRA court erred for not restoring post-verdict motions, was PCRA counsel ineffective for not Amending argument ?

3. Whether PCRA court erred for not granting PCRA argument to have Direct Appeal right's restored was PCRA counsel ineffective for failing to amend/supplement this argument ?

4. Whether PCRA court erred for not granting PCRA argument that trial counsel was ineffective for failing to object when the court participated in the plea bargaining process, was PCRA counsel ineffective for failing to amend/supplement this argument.

5. Whether the PCRA court erred for not granting argument that trial counsel was ineffective for failing to object to the court's violation of plea agreement at sentencing, was PCRA counsel ineffective for failing to amend/supplement this argument ?

6. Whether PCRA court erred for not granting argument that trial counsel was ineffective at sentencing for failing to object at sentencing when the court considered impermissible factor's and acted vindictive towards the Appellant for exercising his right to trial, was PCRA counsel ineffective for failing to amend/supplement this argument ?

7. Whether PCRA court erred for not allowing Appellant to raise the issue of PCRA counsel's ineffectiveness in Appellant's response to court's intent to dismiss notice . Did PCRA court prematurely rule on Appellant's response to intent to dismiss order by not honoring the mail box rule ?

Appellant's Brief at 2.

When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003). There is no right to an evidentiary hearing on a PCRA petition, and the PCRA court may decline to hold a hearing if the claims are patently frivolous and without a trace of support in the record. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). On review, we examine the issues raised in the petition in light of the record to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing. *Id*.

At the outset, we note that Appellant's brief is a repetitive and rambling assertion of errors. The argument portion of the brief bears nearly

no relation to the statement of questions presented, and the arguments are set forth in no particular order. Despite these failures, we are able to discern Appellant's issues and the crux of his arguments.

In Appellant's first issue, he asserts that the PCRA court erred in permitting PCRA counsel to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Finley* ("*Turner/Finley*").

> The *Turner/Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, *see Turner*, *supra*, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. *See* [*Commonwealth v.*] *Pitts*, [981 A.2d 875], at 876 n.1 (2009).

*Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa. Super. 2012). Upon review, the PCRA court reviewed the issues raised in the PCRA petition, independently reviewed the record, enumerated the standards necessary for Appellant to obtain relief, agreed with PCRA counsel's assessment of the issues, concluded that Appellant's PCRA petition was without merit, and permitted counsel to withdraw. PCRA Opinion in Support of Dismissal, 10/25/13, at unnumbered pages 3-9. Accordingly, the PCRA court satisfied

the requirements for reviewing a motion to withdraw under ***Turner/Finley***, and there was no error in the PCRA court permitting counsel to withdraw.

In Appellant's remaining issues, he focuses on claims that plea counsel, appellate counsel, and PCRA counsel all were ineffective. When considering allegations of ineffective assistance of counsel, we note that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. ***Commonwealth v. Pierce***, 527 A.2d 973, 975-976 (Pa. 1987). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different." ***Commonwealth v. Wallace***, 724 A.2d 916, 921 (Pa. 1999). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. ***Commonwealth v. Williams***, 863 A.2d 505, 513 (Pa. 2004) (quoting ***Commonwealth v. Rush***, 838 A.2d 651, 656 (Pa. 2003)).

In Appellant's second, third, and fourth issues, he claims that his post-verdict motions should be restored *nunc pro tunc* due to plea counsel's ineffectiveness and trial court error. Appellant's Brief at 8, 12, 20-23. In his

convoluted arguments, Appellant argues that plea counsel was ineffective for failing to secure the notes of testimony prior to filing a post-verdict motion, and thus, his post-verdict rights should be reinstated. Appellant's Brief at 10. However, Appellant fails to establish, or even argue, prejudice with respect to this issue concerning the notes of testimony, and therefore the claim fails. **Wallace**, 724 A.2d at 921; **Williams**, 863 A.2d at 513. Appellant continues his allegations, and he asserts that plea counsel was ineffective for "not specifying why Appellant guilty plea was involuntarily induced." Appellant's Brief at 11 (*verbatim*). Appellant then attempts to support this assertion by arguing that the trial court improperly engaged in the plea bargaining process. **Id**. The PCRA court addressed this issue as follows:

> Additionally, this court acknowledges its receipt of correspondence from Carter, dated July 24, 2013. Carter cites to three federal cases — **United States v. Cano-Varela**, 497 F.3d 1122 (10th Cir. 2007), **United States v. Baker**, 489 F.3d 366 (D.C. Cir. 2007), and **United States v. Bradley**, 455 F.3d 453 (4th Cir. 2006) — in support of his contention that PCRA counsel should reconsider the **Finley** Letter that was previously filed. This court does not find these cases to be persuasive. These cases involve Fed.R.Crim.P 11(c), which states, in relevant portion that "[a]n attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions."[21] Pa.R.Crim.P. 590, which guides this court, provides no such language with regard to court participation, but instead provides the following Comment:
>
> > The 1995 amendment deleting former paragraph (B)(1) eliminates the *absolute prohibition against*

> *any judicial involvement in plea discussions in order to align the rule with the realities of current practice.* For example, the rule now permits a judge to inquire of defense counsel and the attorney for the Commonwealth whether there has been any discussion of a plea agreement, or to give counsel, when requested, a reasonable period of time to conduct such a discussion. Nothing in this rule, however, is intended to permit a judge to suggest to a defendant, defense counsel, or the attorney for the Commonwealth, that a plea agreement should be negotiated or accepted.[22] (emphasis added)
>
> [21] Fed.R.Crim.P 11(c)(1).
> [22] Pa.R.Crim.P 590, Comment.
>
> This difference between the federal rule and the Pennsylvania rule creates a different framework in which to assess judicial "involvement" in a defendant's plea and, thus, the federal authorities cited by Carter are not persuasive in the instant matter.

PCRA Court Opinion, 12/5/13, at at 6-7. We agree with the PCRA Court. While the federal rules restrict the involvement that the court may have with the plea process, the Pennsylvania Rules of Criminal Procedure have no such component. Accordingly, there was no error in the trial court's guidance or involvement with the plea process, and no error in the PCRA court's conclusion that counsel was not ineffective for failing to pursue a challenge to the court's involvement regarding Appellant's plea.

After review, we conclude that Appellant has failed to establish ineffective assistance of counsel or any basis upon which Appellant's post-

verdict rights should be reinstated. Accordingly, Appellant is entitled to no relief on issues two, three, or four.

In his fifth and sixth issues, Appellant bases his argument on an allegation that he was promised a sentence of ten to twenty years as opposed to the twenty-to-forty-year sentence that he received. Thus, Appellant argues that his counsel was ineffective for failing to challenge the duration of his sentence and the trial court's consideration of certain factors when it imposed sentence. Appellant's Brief at 29-30. Appellant cites to the notes of testimony from December 3, 2008, as support for this alleged ineffectiveness relating to a supposed violation of his plea agreement. Upon review, however, there is nothing in the notes of testimony from December 3, 2008, that supports Appellant's argument.[2] Appellant entered an open guilty plea and received a legal sentence. Therefore, we conclude that Appellant's premise is unsound, and there is no merit to this argument.

In his final issue on appeal, Appellant claims that the PCRA court erred in preventing him from raising PCRA counsel's ineffectiveness[3] in his October

---

[2] The record reflects that Appellant's plea was an open guilty plea without any agreement as to sentencing. N.T., 12/3/08, at 11.

[3] We note that the PCRA incorrectly stated that Appellant was precluded from raising PCRA counsel's ineffectiveness prior to counsel being permitted to withdraw. PCRA Court Opinion, 12/5/13, at 8. *See Commonwealth v. Rigg*, 84 A.3d 1080, 1085 (Pa. Super. 2014) (stating that when the PCRA petitioner does not seek leave to amend his petition after counsel has filed a *Turner/Finley* letter, the PCRA court is under no obligation to address new

-9-

28, 2013 response to the PCRA court's Rule 907 notice of intent to dismiss by ignoring the prisoner mailbox rule. We conclude that no relief is due.

On July 31, 2013, the PCRA court filed its notice of intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. Rule 907 provides a petitioner an opportunity to file a response within twenty days. *Id*. On October 25, 2013, eighty-six days later, the PCRA court dismissed Appellant's PCRA petition. Three days after his petition was dismissed, Appellant's objection to the Pa.R.Crim.P. 907 notice was received by the PCRA court. Appellant attempts to invoke the prisoner mailbox rule to allow the October 28, 2013 objection to be considered timely. "Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." ***Commonwealth v. Brandon***, 51 A.3d 231, 234 n.5 (Pa. Super. 2012) (citation omitted). However, it is incumbent upon the incarcerated *pro se* litigant to "supply sufficient proof of

___

issues; however, where the new issue challenges PCRA counsel's representation, the petitioner can preserve the issue by including it in his Rule 907 response or raising the issue while the PCRA court retains jurisdiction). As noted above, the PCRA court considered Appellant's untimely October 15, 2013 motion as a Rule 907 response. Despite stating that this issue was unreviewable, the PCRA court addressed the issue underlying Appellant's challenge to PCRA counsel's representation, *i.e.*, his plea was unlawfully induced. Thus, while we disagree with the PCRA court's statement that the issue was unreviewable, because the PCRA court addressed the underlying issue, and because we agree with the PCRA court's conclusion, we discern no reversible error.

the date of mailing[.]" ***Thomas v. Elash***, 781 A.2d 170, 176 (Pa. Super. 2001). In ***Commonwealth v. Jones***, 700 A.2d 423 (Pa. 1997), our Supreme Court, in discussing the prisoner mailbox rule, provided a non-exhaustive list of documents that can aid in establishing the date of mailing under the prisoner mailbox rule:

> Next, we turn to the type of evidence a *pro se* prisoner may present to prove that he mailed the appeal within the deadline. As provided in [Pa.R.A.P.] 1514, a Postal Form 3817, Certificate of Mailing, constitutes proof of the date of mailing. In ***Smith*** [v. ***Pennsylvania Board of Probation and Parole***, 546 Pa. 115, 683 A.2d 278 (1996)], we said that the "Cash Slip" that the prison authorities gave Smith noting both the deduction from his account for the mailing to the prothonotary and the date of the mailing, would also be sufficient evidence. We further stated in ***Smith*** that an affidavit attesting to the date of deposit with the prison officials likewise could be considered. This Court has also accepted evidence of internal operating procedures regarding mail delivery in both the prison and the Commonwealth Court, and the delivery route of the mail, to decide the last possible date on which the appellant could have mailed an appeal based on the date that the prothonotary received it. ***Miller v. Unemployment Compensation Board of Review***, 505 Pa. 8, 476 A.2d 364 (1984). Proof is not limited to the above examples and we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities.

***Jones***, 700 A.2d at 426.

Even if the PCRA court applied the prisoner mailbox rule, Appellant's objection was untimely. Here, in order to have been considered timely, it would have to be established that Appellant deposited his objection in the prison mail within twenty days from July 31, 2013, the date that the PCRA court filed its Pa.R.Crim.P. 907 notice of intent to dismiss. The earliest that

-11-

Appellant's objection could be deemed filed under the prisoner mailbox rule is October 25, 2013, which is the date that he had postage deducted from his prisoner account as evidenced by a prison "cash slip." Certified Record at 23. Accordingly, the PCRA court committed no error in dismissing Appellant's PCRA petition prior to receiving Appellant's untimely objection to the PCRA court's July 31, 2013 Rule 907 notice of intent to dismiss.[4]

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.[5]

---

[4] Appellant cites to his motions for an extension of time, which we discussed in footnote one above, and he argues that he was granted an extension of time in which to file his objections to the Pa.R.Crim.P. 907 notice of intent to dismiss. Appellant's Brief at 48. We point out that there is no evidence in the docket that an extension was ever granted. As such, Appellant had twenty days in which to respond to the PCRA court's Pa.R.Crim.P. 907 notice of intent to dismiss; however, Appellant did not file his response until October, 25, 2013 at the earliest. Thus, Appellant's motions for extensions of time provide no basis for relief.

[5] On August 8, 2014, Appellant filed a "Motion for Default" in which he requested that, because the Commonwealth's brief was filed late, it should "be dismissed and treated as [if] it was not filed at all." Motion, 8/8/14. Upon review, the Commonwealth's untimely brief was merely its agreement with the opinion of the PCRA court, and it was not integral to our decision. Because our conclusion renders Appellant's motion moot, we **DENY** Appellant's "Motion for Default."

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2014