J-S23013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ERIC FUEHRER | : | |
| | : | |
| Appellant | : | No. 2670 EDA 2017 |

Appeal from the PCRA Order July 25, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0007839-2013

BEFORE:   SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                         Filed July 20, 2018

Appellant, Eric Fuehrer, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the history of this case as follows:

> [Appellant] was arrested and charged for crimes which occurred on October 2, 2013.  [Appellant] and Mr. Dunn, his co-defendant, brutally assaulted Christopher Thomas on the streets of Norristown, PA.  Thomas had multiple facial fractures and missing teeth.  He was flown to Jefferson Medical Center for treatment.  At trial, the evidence established that Deborah Thomas was at her daughter's house, and Christopher Thomas, her brother, left the same house to get a cigarette from a car. She was unable to see the initial attack, but after hearing a commotion, she went to the window and saw Mr. Dunn kicking her brother while he lay on the ground.  She stated that [Appellant] was in a nearby car. Ms. Thomas had also been approached a few days prior to the assault by [Appellant] to sell drugs for him.  She refused.  She further testified that she saw [Appellant] arrange to have the owner whose car was doused in blood from the attack paid off to stay quiet.

---

\*   Former Justice specially assigned to the Superior Court.

Mr. Thomas testified that both defendants assaulted him which was corroborated by Ms. Nixon who saw two people kicking the victim. Finally, Mako Henderson, the victim's nephew, testified that [Appellant] had asked him to sell drugs. There were text messages presented, where [Appellant] texted Mako Henderson that "I told u I got love for u like a brother. But it's a green light for the rest of your team and its out of. My hands. :( (sic)." Mr. Henderson testified that [Appellant] had tried to recruit him several times to sell drugs, and after receiving this text message, he got news that his Uncle Christopher Thomas had been attacked.

Tanea Jones testified and claimed the victim initiated the fight. However, she initially told police that neither defendant was involved, statements corroborated by an audio recording from that night. She also testified that she made the initial-statement to protect the defendants. Her statements were contradictory, and incredible. The Commonwealth alleged that her testimony had been corrupted. Eric Dunn, the co-defendant, testified that Thomas made a comment to him and took a swing at him. Thereafter, Dunn claimed to have punched Thomas several times in defense before he claimed [Appellant] pulled him off Thomas.

After a trial by jury, [Appellant] was found guilty of Aggravated Assault, Conspiracy-Aggravated Assault, and Simple Assault. [On June 29, 2015, Appellant] received an aggregate sentence of 11-22 years' incarceration followed by 5 years' of probation. An appeal was filed, and [on October 3, 2016,] this [c]ourt's decision was affirmed. [**Commonwealth v. Fuehrer**, 159 A.3d 32 (Pa. Super. 2016). Appellant] filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court as well as a PCRA [petition]. The PCRA petition was deferred pending the outcome of the Petition for Allowance of Appeal. [Appellant] then requested that the Allowance of Appeal be withdrawn. This [c]ourt ordered Patrick McMenamin, Esquire, to review the PCRA petition. On June 23, 2017, counsel filed a *Finley* No Merit Letter [and a request to withdraw]. This [c]ourt provided its Notice of Intent to Dismiss on July 5, 2017,[1] and it's [sic] Dismissal of the PCRA Petition following [Appellant's] response on July 25, 2017.

---

1 Also on that date, the PCRA court granted PCRA counsel's request to withdraw.

- 2 -

On August 10, 2017, [Appellant] filed a timely Notice of Appeal.

Trial Court Opinion, 9/25/17, at 1-3.

The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement. The PCRA court docket reflects that Appellant failed to file the statement as directed. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issues for our review, which we reproduce verbatim:

1. Was trial counsel ineffective when he failed to request a limiting instruction regarding the purpose which evidence of other crimes had been admitted?

2. Was trial counsel ineffective when he failed to request a charge pursuant to Commonwealth v. Kloiber for Ms. Brenda Nikone testimony?

3. Was trial counsel ineffective when he failed to impeach Deborah Thomas, Christopher Thomas and Mako Henderson, the Commonwealth's key witnesses, by bringing out on cross-examination that each had a particular reason to be biased or evngefull [sic] against Petitioner, arising from events that preceded the incident between Mr.Dunn and Mr. Thomas?

4. Was trial counsel ineffective when he failed to object when Deborah Thomas testified to alleged statements Ms. Jennifer told Deborah Thomas Petitioner made to her?

5. Was trial counsel ineffective for not objecting to the illegal sentence.

6. Was Direct Appeal Counsel ineffective for failing to file Petitioner's Brief on time, leading to petitioner's Direct Appeal to be Dismissed for failure to file brief with the Superior Court? **See Attached Appendix "C"**

7 Was trial counsel ineffective for failure to investigate and call eye witnesses. **<u>See</u> Appendix "D"**

Appellant's Brief at 3.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

We must first address the consequences of Appellant's failure to file the court-ordered Pa.R.A.P. 1925(b) statement.[2] Rule 1925(b)(4)(vii) directs that

---

[2] The PCRA court's order filed on August 16, 2017, which directed Appellant to file a Pa.R.A.P. 1925(b) statement, provides as follows:

> AND NOW, this 16th day of August, 2017, upon consideration of the instant appeal filed on August 15, 2017, Appellant is directed to file of record in this [c]ourt a concise statement of the errors complained of on the appeal ("Statement"). The Statement shall be filed upon the docket 21 days after the date this Order is filed upon the docket. The Statement shall be served upon the undersigned Judge pursuant to Pa.R.A.P. 1925(b)(1). Appellant is notified that issues shall be deemed waived if not properly

"[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(vii). In **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), our Supreme Court established the bright-line rule that "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." **Id**. at 309; **see also Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (Pa.R.A.P. 1925 "obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered."). Furthermore, "the courts lack the authority to countenance deviations from the Rule's terms; [and] the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement[.]" **Hill**, 16 A.3d at 494.

Our review of the record reflects that on August 16, 2017, the PCRA court entered an order directing Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. The record further reveals that Appellant did not file a Pa.R.A.P. 1925(b) statement as directed. As the PCRA court aptly stated in its Pa.R.A.P. 1925(a) opinion, "[The August 16, 2017] order gave [Appellant] 21 days to provide a concise statement; otherwise, his issues

included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b).

PCRA Court Order, 8/16/17, at 1.

- 5 -

would be waived. No concise statement has been provided as of the date of this opinion. . . . [Appellant] . . . has failed to provide the requested Statement of Errors (Concise Statement). Accordingly, all issues have been waived." PCRA Court Opinion, 9/25/17, at 3. Consequently, by failing to file the court-ordered Pa.R.A.P. 1925(b) statement, Appellant waived all of the issues he raises in this appeal. **Lord**, 719 A.2d at 309.

In addition, we are mindful that in 2007, our Supreme Court amended Rule 1925 and added subsection (c)(3), which directs us to remand for the filing of a statement *nunc pro tunc* if we are convinced that counsel has been *per se* ineffective. Pursuant to this provision, this Court remands where a **counseled** appellant in a criminal case fails to file a Rule 1925(b) statement or an untimely statement that amounts to *per se* ineffectiveness. **See Commonwealth v. Scott**, 952 A.2d 1190 (Pa. Super. 2008) (holding that counsel's failure to file Rule 1925(b) statement constitutes *per se* ineffectiveness requiring a remand).

This rule providing for a remand pursuant to Pa.R.A.P. 1925(c)(3) is not applicable in this matter. Because he is *pro se*, Appellant cannot assert his own ineffectiveness. **See Commonwealth v. Fletcher**, 986 A.2d 759, 773 (Pa. 2009) ("The law prohibits a defendant who chooses to represent himself from alleging his own ineffectiveness") (citing **Faretta v. California**, 422 U.S. 806, 834 n.46 (1975)). Indeed, our Supreme Court has stated that a *pro se* defendant "may not rely upon his own lack of expertise as a ground for relief."

*Commonwealth v. Bryant*, 855 A.2d 726, 737 (Pa. 2004). Accordingly, Appellant's failure to file a Rule 1925(b) statement waives all claims. **See** Pa.R.A.P. 1925(b)(4)(vii) (Issues not included in the Rule 1925(b) statement or not raised in accordance with the provisions of this paragraph (b)(4) are waived).

Moreover, we note that, in order to excuse his failure to properly file the Pa.R.A.P. 1925(b) statement as ordered, Appellant has attempted to invoke the prisoner mailbox rule. Appellant's Brief at 10-11. Specifically, Appellant, who is incarcerated, contends that he placed his Pa.R.A.P. 1925(b) statement in the institutional mailbox and "[w]hat occurred after it was in their possession was a breakdown in the courts [sic] operation or obstruction by state officials." **Id**. at 11. Thus, Appellant has ostensibly employed the prisoner mailbox rule.

"Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." **Commonwealth v. Brandon**, 51 A.3d 231, 234 n.5 (Pa. Super. 2012) (citation omitted). **See Commonwealth v. Wilson**, 911 A.2d 942, 944 (Pa. Super. 2006) (recognizing that under the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing). However, it is incumbent upon the incarcerated *pro se* litigant to "supply sufficient proof of the date of mailing[.]" **Thomas v. Elash**, 781 A.2d 170, 176 (Pa. Super. 2001). Under the rule, "we are inclined to accept any

reasonably verifiable evidence of the date that the prisoner deposits the [*pro se* document] with the prison authorities. . . ." ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa. Super. 2002) (quoting ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997)).

In ***Commonwealth v. Jones***, 700 A.2d 423 (Pa. 1997), our Supreme Court, in discussing the prisoner mailbox rule, provided a non-exhaustive list of documents that can aid in establishing the date of mailing under the prisoner mailbox rule:

> Next, we turn to the type of evidence a *pro se* prisoner may present to prove that he mailed the appeal within the deadline. As provided in [Pa.R.A.P.] 1514, a Postal Form 3817, Certificate of Mailing, constitutes proof of the date of mailing. In ***Smith*** [***v. Pennsylvania Board of Probation and Parole***, 546 Pa. 115, 683 A.2d 278 (1996)], we said that the "Cash Slip" that the prison authorities gave Smith noting both the deduction from his account for the mailing to the prothonotary and the date of the mailing, would also be sufficient evidence. We further stated in ***Smith*** that an affidavit attesting to the date of deposit with the prison officials likewise could be considered. This Court has also accepted evidence of internal operating procedures regarding mail delivery in both the prison and the Commonwealth Court, and the delivery route of the mail, to decide the last possible date on which the appellant could have mailed an appeal based on the date that the prothonotary received it. ***Miller v. Unemployment Compensation Board of Review***, 505 Pa. 8, 476 A.2d 364 (1984). Proof is not limited to the above examples and we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities.

***Jones***, 700 A.2d at 426.

We observe that Appellant has appended to his appellate brief an unsigned and undated copy of a letter from himself to the PCRA court, in care

of the Clerk of Courts in Montgomery County.  Appellant's Brief at Appendix

"B."  The complete text of the letter follows:


                                    September    , 2017

        Mr. Garrett D. Page
        Court of Common Pleas
        Norristown, PA 19404-0311

                Re:   Commonwealth v. Eric Fuehrer
                      No. 7839-2013

        Dear Judge Page:

                A 1925(b) motion pursuant to Pa.R.A.P. was submitted in
        the above entitled criminal matter.

                To date, I have not received a time stamped copy of same
        nor Your Honor's opinion regarding the issues raised therein.

                Kindly provide a copy of both or, in the []alternative, direct
        the Office of the Clerk to provide the above documents.

                I look forward to hearing from you.

                                    Very truly yours,

                                    Eric Fuehrer
                                    [**] Overlook Drive
                                    LaBelle, PA 15450

        EF/
        Clerk of Court
        cc:

Appellant's Brief at Appendix "B" at 1.

        We observe that the date at the top of the letter states: "September    ,

2017."  *Id*.  In addition, the signature line contains Appellant's typed name,

                                    - 9 -

but no written signature. *Id*. Further, our review of the certified record reflects that this letter, addressed to the trial court, was never docketed as having been received by the trial court. Also, there is no copy of the letter in the certified record. More significantly, Appellant's letter contains no indication of the date that the Pa.R.A.P. 1925(b) statement was allegedly deposited with prison officials. Although we will accept reasonable, verifiable evidence of the date that a prisoner deposits the *pro se* document with prison authorities, a date of the alleged deposit with those authorities is necessary to prove a date of mailing and to trigger the prisoner mailbox rule. Indeed, it is incumbent upon the incarcerated *pro se* litigant to supply sufficient proof of the date of mailing. *Thomas*, 781 A.2d at 176. Because Appellant has failed to provide evidence that the Pa.R.A.P. 1925(b) statement was allegedly deposited with prison authorities, his attempt to invoke the prisoner mailbox rule fails. Hence, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2018

- 10 -