J-S12007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MISTY M. MACHINSHOK | : | |
| | : | |
| Appellant | : | No. 350 MDA 2018 |

Appeal from the PCRA Order January 29, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000969-2014,
CP-40-CR-0000971-2014

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:            **FILED: MARCH 27, 2019**

Misty M. Machinshok appeals from the order denying her petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

In 2013, Appellant and her husband, Gary, found themselves unable to conceive a child because Appellant had undergone a tubal ligation.  They developed a plan through which they coerced a fourteen-year-old girl, L.K., to have sexual intercourse with Gary in order to impregnate her.  Appellant and her husband planned to adopt the baby after L.K. gave birth.  Appellant arranged, watched, and on one occasion, forced the sexual abuse of L.K., which occurred on numerous occasions over several months.

Appellant was arrested and charged with rape and related offenses.  In January 2015, Appellant entered guilty pleas at two separate criminal dockets to, *inter alia*, rape, aggravated indecent assault, and endangering the welfare

of a child. On April 2, 2015, Appellant was sentenced to an aggregate prison term of fifteen to thirty years. Appellant filed a timely post-sentence motion which was denied on April 15, 2015. She did not file a direct appeal.

On July 26, 2016, Appellant filed the instant *pro se* PCRA petition. The PCRA court appointed counsel who, in lieu of filing an amended petition, filed a motion to withdraw as counsel and a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).[1] The PCRA court granted counsel's motion to withdraw, and thereafter issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing based on lack of merit. In response, Appellant filed a *pro se* request for leave to file an amended petition. The PCRA court granted her request, and appointed new counsel, who filed an amended petition. On November 14, 2017, the PCRA court conducted a hearing on the petition, at which it raised the issue of the timeliness of the petition. Appellant sought, and was granted, a continuance in order to establish the timeliness of her petition.

_____

[1] In his no-merit letter, PCRA counsel indicated that Appellant's chief complaint was that her plea counsel convinced her to plead guilty, and that she now wished to withdraw her guilty plea. PCRA counsel's investigation revealed that Appellant's petition lacked merit because there was no evidence that plea counsel gave Appellant deficient advice, and the record indicated that Appellant knowingly entered her guilty plea after a full colloquy by the trial court. No Merit Letter, 10/7/16, at 1-2.

At a hearing conducted on January 29, 2018, Appellant's counsel informed the PCRA court that neither he nor Appellant had any evidence or testimony to offer relative to the timeliness of the petition. *See* Trial Court Opinion, 7/24/18, at 4 (citing N.T., 1/29/18, at 3). The PCRA court then entered an order denying the petition as untimely filed. Appellant's counsel filed a timely notice of appeal and a motion for substitute counsel. The PCRA court appointed substitute counsel, who filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant raises the following issue for our review: "Whether the PCRA [c]ourt erred in denying Appellant's PCRA [petition] as untimely." Appellant's brief at 6.

In reviewing the denial of a PCRA petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007) (citations omitted). Additionally, under the PCRA, any petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's judgment of sentence became final on May 15, 2015, when the period of time to file an appeal with our Court expired. *See* 42 Pa.C.S. § 9545(b)(3); *see also Commonwealth v. Rojas*, 874 A.2d 638, 643 (Pa.Super. 2005). Appellant had until May 15, 2016, to file the instant PCRA petition, but did not do so until July 26, 2016. Thus, Appellant's petition is facially untimely under the PCRA. Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S. § 9545(b)(1).

Appellant contends that the PCRA court should not have denied her petition as untimely because she satisfied the governmental interference exception set forth in 42 Pa.C.S. § 9545(b)(1)(i).[2] Appellant claims that she offered testimony at the January 29, 2018 hearing that she timely mailed her PCRA petition from prison.[3] According to Appellant, when she had not heard anything regarding her petition, her father filed a second petition, at which

_____

[2] Subsection 9545(b)(1)(i) provides an exception to the PCRA's one-year time bar "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States."

[3] When a *pro se* appellant is incarcerated, an appeal is deemed filed on the date the prisoner deposits the appeal with prison authorities or places it in a prison mailbox. *See Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa.Super. 2011). This rule, called the "prison mailbox rule," has been extended to all filings by an incarcerated *pro se* litigant, including PCRA petitions. *See Commonwealth v. Little*, 716 A.2d 1287, 1289 (Pa. Super. 1998).

- 4 -

time the original petition was found and both were docketed on the same date. Appellant posits that her original petition was mishandled after she timely mailed it from her correctional institution. She submits that "[w]hether this mishandling was by the prison officials, the United States Postal Service or the Clerk of Courts it does not matter; all of these parties are or would be considered government actors." Appellant's brief at 14.

Appellant points out that the PCRA court heard no testimony from any prison official refuting her position, or from the clerk of courts attesting to when the petition was first received. She also argues that the Commonwealth presented no opposing testimony from prison officials, the postal service, or the Clerk of Court that they had not mishandled her petition. Finally, Appellant claims that her petition was timely filed upon her discovery of the governmental interference, in accordance with § 9545(b)(2).

Here, under the prison mailbox rule, if Appellant did, in fact, mail her *pro se* PCRA petition from prison on or before May 15, 2016, she need not prove the applicability of the governmental interference exception at § 9545(b)(1)(i). However, when invoking the prison mailbox rule, Appellant bears the burden of proving that she, in fact, delivered the petition to prison officials for mailing within the appropriate time period. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997). Regarding the type of evidence a *pro se* prisoner may present to prove that she mailed the filing within the deadline, the ***Jones*** Court explained:

As provided in [Pa.R.A.P.] 1514, a Postal Form 3817, Certificate of Mailing, constitutes proof of the date of mailing. In **Smith** [**v. Pennsylvania Board of Probation and Parole**, 683 A.2d 278 (Pa. 1996)], we said that the "Cash Slip" that the prison authorities gave Smith noting both the deduction from his account for the mailing to the prothonotary and the date of the mailing, would also be sufficient evidence. We further stated in **Smith** that an affidavit attesting to the date of deposit with the prison officials likewise could be considered. This Court has also accepted evidence of internal operating procedures regarding mail delivery in both the prison and the Commonwealth Court, and the delivery route of the mail, to decide the last possible date on which the appellant could have mailed an appeal based on the date that the prothonotary received it. **Miller v. Unemployment Compensation Board of Review**, 505 Pa. 8, 476 A.2d 364 (1984). Proof is not limited to the above examples and we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities.

*Id*.

Here, Appellant presented no reasonably verifiable evidence of the date that she deposited the petition with prison authorities. Although the PCRA court provided her with a continuance of more than two months in order to adduce such evidence, she failed to do so. Her self-supporting testimony that she timely mailed her petition from prison was not the type of evidence our courts have deemed acceptable. **See id**. Thus, the PCRA court did not err in determining that Appellant's petition was untimely, and that the court lacked jurisdiction to consider it.

Order affirmed.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2019