505 Pa. 8 (1984)
476 A.2d 364
Raymond J. MILLER, Appellant,
v.
COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee.
Supreme Court of Pennsylvania.
Argued March 5, 1984.
Decided May 25, 1984.
*9 *10 Robert V. Campedel, Zemprelli, Clipper & Campedel, Clairton, for appellant.
Richard L. Cole, Jr., Charles G. Hasson, Dept. of Labor & Industry, Harrisburg, for appellee.
Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

OPINION OF THE COURT
HUTCHINSON, Justice.
Raymond J. Miller appeals by allowance an order of Commonwealth Court which quashed his petition for review of a decision of the Unemployment Compensation Board of Review (Board). The court held that Miller's petition was untimely because it was not filed within thirty (30) days of the entry of the Board's order. Commonwealth Court based its holding on its determination that Miller's petition for review was not filed in the Prothonotary's Office until three days after the final day for filing, and the petition was not accompanied by a date-stamped United States Postal Service Form 3817 evidencing the date of mailing.
While appellant's petition for review failed to comply with the requirement of the applicable appellate rule,[1] requiring attachment of Postal Service Form 3817 to prove timely mailing, we nevertheless reverse on the peculiar *11 facts of this case. Examination of Commonwealth Court's own internal records would have revealed that the petition was timely mailed, and thus timely filed. Under such limited circumstances the quashing of appellant's petition by Commonwealth Court was improper, despite the absence of Postal Service Form 3817. The periods of time set by the General Assembly for filing appeals are jurisdictional and efficient court administration requires rules permitting summary determination of whether these requirements have been met. Nevertheless, adherence to such rules prescribing the only evidence of timely mailing which will be acceptable should not result in dismissal if timeliness can be determined by reference to the internal records of the court, and petitioner's counsel can bring the relevant facts and records which show timeliness to the court's attention, without the necessity of an evidentiary hearing.

I
Appellant, a crane operator, last worked on January 15, 1982, when his employer, Mesta Machine Company, laid him off due to the closing of the plant where he was employed. Prior to his layoff, appellant had secured part-time work with a security company during a strike at Mesta. Because his prior application for part-time work was still marked "part-time" when he applied for unemployment compensation after being laid off, the Bureau of Unemployment Compensation held that appellant was not "able and available" for work and denied his claim.
Miller appealed to a referee, who affirmed the Bureau's decision. He then filed an appeal with the Unemployment Compensation Board of Review. The Board affirmed the referee's decision on August 18, 1982. Thus the last day of the 30-day period for filing a petition for review from the Board's order was September 17, 1982, a Friday. Pa.R.A.P. 1512(a)(1).
Appellant's petition for review was mailed by appellant counsel's secretary on Wednesday, September 15, 1982 from the United States Post Office in Clairton, Pennsylvania. *12 The petition was sent by certified mail return receipt requested. Because the secretary did not mail the petition until after 5:00 P.M. on the 15th, she could not obtain a postal form 3817 or have the certified mail form date-stamped. The petition was not clocked and docketed in the Prothonotary's office until 9:20 A.M. or 9:52 A.M., Monday, September 20th.[2]
However, in order to be docketed at that time it appears the petition must have been at the main Harrisburg Post Office on or before Friday, September 17th. All mailings to Commonwealth Court first go to the main post office in Harrisburg. They are then transferred to the court's post office box at a second post office in Harrisburg where they are picked up by a court employee. Because the second post office is closed Saturdays and Sundays, appellant's petition could not have been transferred on the 18th or 19th of September, and in order to be present at the second post office on Monday morning when the court picked up its mail, it must have been transferred before 9:20 A.M. Monday the 20th when the court employee signed for appellant's petition, or it had to have been transferred there before the weekend.
Petitioner's attorney, in a letter to the Prothonotary of Commonwealth Court, offered an affidavit of mailing and the receipt for certified mail prepared by his secretary as evidence that the petition was mailed on the 15th. He also notified the Prothonotary of Commonwealth Court of his investigation of the route the petition took through the mails and its presence in Harrisburg on the 17th. The Prothonotary stated in a reply letter that in the absence of either a Form 3817 or a date-stamped Form 3800 (Receipt for Certified Mail), he was without authority to amend the dockets of the court to show a filing before September 20. Commonwealth Court granted appellee's motion to quash *13 the petition, simultaneously denying appellant's motions for briefing and argument on the motion to quash, his offer of proof of the date of mailing, and his petition to allow appeal nunc pro tunc.

II
At the outset, we note that the "just, speedy and inexpensive determination"[3] of matters before all our courts, trial and appellate, requires the orderly management of dockets and the timely filing of all relevant papers. Provision must also be made for determining when the timeliness requirements have been met. It must be possible to determine the timeliness of a filing from either the face of the document or from the internal records of the court. It would be inefficient and unduly burdensome to require courts to hold evidentiary hearings to determine timeliness. Any such rule would defeat the purpose the timeliness requirements are meant to accomplish.
Those same rules, however, are to be "liberally construed." Pa.R.A.P. 105(a); Pa.R.C.P. 126. We have long refused to give overly technical, restrictive readings to procedural rules, particularly when remedial statutes such as the Unemployment Compensation Act are involved. Unemployment Compensation Board of Review v. Jolliffe, 474 Pa. 584, 379 A.2d 109 (1977); Lattanzio v. Unemployment Compensation Board of Review, 461 Pa. 392, 336 A.2d 595 (1975). Dismissals are particularly disfavored. "The extreme action of dismissal should be imposed by an appellate court sparingly, and clearly would be inappropriate when there has been substantial compliance with the rules and when the moving party has suffered no prejudice." Stout v. Universal Underwriters Insurance Co., 491 Pa. 601, 604, 421 A.2d 1047, 1049 (1980) (Rules of Appellate Procedure); See also In Re Tax Claim Bureau, German Township, Mt. Sterling 54 ½ Acres, Miscellaneous Buildings, 496 Pa. 46, 436 A.2d 144 (1981) (Rules of Civil Procedure).
*14 In the present case, there has been "substantial compliance" with the rules. Pa.R.A.P. 1514(a) provides that the date of actual receipt or the date of earlier deposit in the United States mail shall constitute the date when review was sought.[4] While appellant's petition did not bear a Form 3817, it did have a certified mail Form 3800, which Commonwealth Court would have accepted as evidence of the date of mailing had it been date-stamped. Because it was mailed after 5:00 P.M., no date-stamping was possible. It is manifest, however, that the petition was deposited in the mail before the 30th day, September 17. The fact that it was in the Commonwealth Court post office box at the second Harrisburg post office indicates that it must have been in Harrisburg no later than the 17th, and must therefore have been mailed at the latest on the 16th of September. In short, appellant's petition could not have arrived "late" on Monday, September 20 unless it had been timely mailed from Clairton before Friday, September 17. Thus, there can be no doubt that appellant "substantially complied" with the 30-day requirement of Pa.R.A.P. 1512(a)(1), and that the dismissal of his petition, under the facts of this case, was improper.
We do not condone untimeliness. In cases such as this, however, where the record shows clearly and without dispute that a petition for review was timely mailed prior to the 30-day jurisdictional deadline, where counsel for the appellant apprises the court of the record in that respect and timeliness can be determined from an examination of *15 the records of the court, a fair and just interpretation of our rules makes a dismissal improper.
We need not have drafted our rules to equate the date of mailing with the date of filing. Nevertheless, our rules do allow filing by mail, and our courts cannot consistently judge a petition as timely by the date of its mailing and at the same time reject that petition when the record is sufficient to show a timely mailing.
Order of Commonwealth Court reversed and case remanded for proceedings consistent with this opinion.
NOTES
[1] Pa.R.A.P. 1514(a).
[2] It is not clear from the record whether the petition was docketed at 9:20 A.M. or 9:52 A.M. on September 20. A time-date stamp for the earlier time had been crossed out and replaced by the later time stamp. For the purpose of this opinion, we will assume the later time is accurate, the first stamp having been erroneously used.
[3] Pa.R.A.P. 105(a); Pa.R.C.P. 126.
[4] Pa.R.A.P. 1514(a) provides in relevant part:

If the petition for review is transmitted to the prothonotary by means of first class mail, the petition shall be deemed received by the prothonotary for the purposes of Rule 121(a) (filing) on the date deposited in the United States mail, as shown on a U.S. Postal Service Form 3817 certificate of mailing enclosed with the petition (see 39 C.F.R. § 165.1 et seq.). The certificate of mailing shall show the docket number of the matter in the government unit. Upon actual receipt of the petition for review the prothonotary shall immediately stamp it with the date of actual receipt. That date, or the date of earlier deposit in the United States mail as prescribed in this subdivision, shall constitute the date when review was sought, which date shall be shown on the docket.