J-A02044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WILLIAM A. JOHNSON :
:
Appellant : No. 693 MDA 2018

Appeal from the PCRA Order March 19, 2018
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000074-2005,
CP-50-CR-0000102-2005

BEFORE: LAZARUS, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY LAZARUS, J.: **FILED: JANUARY 2, 2019**

William A. Johnson appeals from the trial court's March 19, 2018, order finding his Pa.R.Crim.P. 907 objections meritless and dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After review, we remand with instructions.

In March 2006, a jury convicted Johnson[1] of four counts each of attempted rape of a child, aggravated indecent assault, and indecent assault, and two counts each of corruption of minors and indecent exposure. On July 31, 2006, he was sentenced to an aggregate term of ten years and nine months to forty-two years' incarceration. Johnson was deemed to be a

---

[1] Two victims were involved. Originally the charges were filed under two separate docket numbers, CP-50-CR-0000074-2005 and CP-50-CR-0000102-2005. However, upon motion by the Commonwealth, they were consolidated for trial.

sexually violent predator (SVP), pursuant to 42 Pa.C.S. § 9795.4. He filed a direct appeal challenging his designation as an SVP; however, our Court dismissed the appeal due to appellate counsel's failure to file a brief. Johnson filed a *pro se* PCRA petition in October 2007, seeking reinstatement of his appellate rights *nunc pro tunc* and the appointment of counsel. Johnson's rights were reinstated; however, he did not file a direct appeal. Instead, counsel filed a timely PCRA petition requesting the court vacate the order reinstating his appellate rights and permit him to amend his petition. The court granted the relief and permitted counsel to file an amended PCRA petition. After holding hearings, the court denied Johnson's PCRA petition on October 5, 2011. Johnson filed a collateral appeal and our Court affirmed the denial of PCRA relief. *See Commonwealth v. Johnson*, No. 1937 MDA 2011 (Pa. Super. filed Sept. 18, 2012) (unpublished memorandum). On October 29, 2013, the Pennsylvania Supreme Court denied Johnson's petition for allowance of appeal. *Commonwealth v. Johnson*, 78 A.3d 1090 (Pa. 2013) (Table).

Johnson filed another *pro se* PCRA petition on November 18, 2013. Counsel was appointed and, after being granted five extensions within which to file an amended petition, sought leave to withdraw pursuant to *Turner*/*Finley*.[2] Johnson simultaneously sought a change in appointed

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

counsel.  The court granted counsel's request to withdraw on May 24, 2017.[3]

On May 31, 2017, the court appointed new counsel for Johnson.  New counsel

sought to withdraw on November 15, 2017, pursuant to **Turner**/**Finley**.  On

November 20, 2017, the court granted counsel's petition to withdraw and gave

Johnson Pa.R.Crim.P. 907 notice of its intent to dismiss his petition and

advised him of his right to respond to the proposed order within 20 days.  On

December 4, 2017, Johnson filed an objection to the notice to dismiss his

petition.

On March 19, 2018, the court ruled upon Johnson's objection, noting

that the record supported counsel's conclusion that the claims in Johnson's

PCRA petition are meritless and that the court had also independently

reviewed each PCRA claim and came to the same conclusion.  Additionally,

the court acknowledged that Johnson had filed another PCRA brief to support

his petition that "raises new issues not raised in any of his PCRA petitions,

---

[3] On May 15, 2017, Johnson filed a *pro se* addendum to his PCRA petition claiming that a Commonwealth witness had a disease that "attack[ed] the memory part of [her] brain" and that at the time of his trial this witness was on a medication and "drinking all the time[,]" which decreased the effectiveness of the medication and increased its adverse side-effects. **See** Addendum to PCRA Petition, 5/15/17.  However, because Johnson was still represented by counsel at that time, his filing was not docketed and independently ruled upon by the court. **See Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011) (proper response to any *pro se* pleading by represented defendant is to refer pleading to counsel, and take no further action on *pro se* pleading unless counsel forwards motion to withdraw; once brief filed, any right to insist upon self-representation has expired).

including arguing that his lifetime registration under SORNA is unconstitutional and that his being found a Sexually Violent Predator is unconstitutional." Opinion and Order, 3/19/18, at 3-4. However, because Johnson had not sought leave to amend his petition when counsel had filed a petition to withdraw under *Turner*/*Finley*, the PCRA court was under no obligation to address new issues.[4]

On April 23, 2018, Johnson filed his notice of appeal from the trial court's March 19, 2018 order denying his PCRA petition. On appeal, he raises the following issues for our consideration:

(1) Constitutionally ineffective[] counsel for failing to bring PCRA [c]laims that were unaddressed and asked to do.

(2) Sufficiency of the evidence.

(3) Whether [the t]rial court erred in finding [Johnson] to be a sexually violent predator even though the Sex Offender Assessment Board did not so find.

(4) SORNA [r]egistration [requirements] and Megan's Law are unconstitutional.

(5) Did the [t]rial judge abuse his discretion by going against the SOAB at sentencing?

Appellant's Brief, at 7.

Before addressing the merits of this appeal, we must determine whether Johnson timely filed his notice of appeal, as it implicates the jurisdiction of our

---

[4] *See Commonwealth v. Rigg*, 84 A.3d 1080 (Pa. Super. 2014); *see also Commonwealth v. Rykard*, 55 A.3d 1177 (Pa. Super. 2012) (response to Rule 907 notice of dismissal not treated as either amended PCRA petition or serial petition).

appellate court. *See Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014) ("A timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise defective."). Instantly, the order from which Johnson appeals was filed on March 19, 2018. However, Johnson's notice of appeal was not docketed in the trial court until April 23, 2018.

In *Commonwealth v. Jones*, 700 A.2d 423 (Pa. 1997), our Supreme Court held that the "prisoner mailbox rule" (the "Rule") applies to appeals from court orders under Pa.R.A.P. 903. In *Jones*, the Court stated, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities" to satisfy the burden of proof under the prisoner mailbox rule. *Id.* at 426. Some examples of evidence our courts have accepted to prove the date of deposit under the Rule include: a cash slip given by prison officials to the defendant that noted both the deduction from the prisoner's account for the mailing and the date of mailing; an affidavit attesting to date of deposit with prison officials; internal operating procedures regarding mail delivery in both the prison and the Commonwealth Court and the delivery route of the mail; and a form of certified mail indicating the date of mailing accompanied by an envelope bearing a US Postal date stamp. *See Smith v. Pennsylvania Board of Probation and Parole*, 683 A.2d 278 (Pa. 1996); *Miller v. Unemployment Compensation Board of Review*, 476 A.2d 364 (Pa. 1984).

In his second response to our Court's rule to show cause, Johnson stated that "the D.O.C. Mailroom has been sending mail late and the notice of appeal was sent out on the 18$^h$ day of April [and] the D.O.C. had control of the [n]otice of [a]ppeal. The three-day [m]ailbox [r]ule provided by Pa.R.A.P. 121(e)." Second Response to Rule to Show Cause, 10/2/18, at ¶ 1. In his response to our Court's rule to show cause, Johnson also attached a copy of a DC-138A cash slip, dated April 18, 2018, signed and approved by a DOC employee. The mailing is addressed to Brenda J. Albright, the Clerk of Courts of Perry County. The cash slip, however, does not contain a postmark, fails to indicate what Johnson deposited with prison authorities requiring postage and a deduction from his account, and does not show the docket number of the governmental unit. **Smith**, **supra**. Moreover, there is no original of the cash slip or post-marked envelope in the certified record to verify when he deposited the notice of appeal. **See Commonwealth v. Chambers**, 35 A.3d 34 (Pa. Super. 2011) (where defendant did not provide PCRA court with cash slip, but presented it for first time as exhibit to appellate brief, our Court remanded matter to provide defendant with opportunity to present evidence to PCRA court for determination as to timeliness of filing).

Accordingly, we are unable to conclude that the cash slip attached to Johnson's response to the rule to show cause is verifiable evidence of the date that he deposited his notice of appeal with prison authorities or in the prison mailbox to invoke the prisoner mailbox rule. Thus, we must remand the matter for a proper determination on the issue.

Because there is an issue with regard to whether Johnson did indeed file his notice of appeal in a timely fashion, we decline to address the merits of this appeal. **Smith**, **supra**. The matter is remanded to the trial court, for 60 days from this filing, to determine the timeliness of Johnson's notice of appeal. Johnson shall be given the opportunity to present evidence, including the original cash slip that he appended to his rule to show cause, a post-marked envelope, and/or an affidavit as to the date that he deposited his notice of appeal with prison authorities, to the PCRA court and for the PCRA court to make a determination as to the timeliness of the filing of his notice of appeal.

Case remanded. Panel jurisdiction retained.