J-S32006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROGER HARPER, :
:
Appellant : No. 2842 EDA 2018

Appeal from the PCRA Order Entered August 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000416-2016

BEFORE: SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.: **FILED AUGUST 15, 2019**

Roger Harper ("Appellant") appeals from the order denying his petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546. We quash.

The PCRA court summarized the factual and procedural histories of this case as follows:

> The factual basis proffered by the Commonwealth for [Appellant's] guilty plea, to which [Appellant] agreed, established the following:

> On the night of October 31, 2015, the body of Sharnise Sanders, the decedent, was discovered in Nicetown Park in Philadelphia. N.T. 1/13/17 at 11. Police collected four fired cartridge cases at the scene. *Id.* Sanders, who at the time was dating [Appellant], suffered gunshot wounds to the side of her head, her right eye and her right thigh. N.T. 1/13/17 at 11–12. On November 7, 2015, Appellant was interviewed by Philadelphia police detectives at the Homicide Unit and admitted on video to shooting Sanders. N.T. 1/13/17 at 12–13. Ballistics testing

showed that the four fired cartridge casings recovered by police matched [Appellant's] gun. N.T. 1/13/17 at 12.

PCRA Court Opinion, 11/26/18, at 2.

> On January 13, 2017, [Appellant] pled guilty, pursuant to a negotiated plea agreement, to one count of murder of the third degree (18 Pa.C.S. § 2502(c)) and one count of possessing an instrument of crime ("PIC") (18 Pa.C.S. [§] 907(a)). On that day, the [c]ourt imposed a sentence of 20 to 40 years incarceration for the third degree murder charge, with a consecutive sentence of 2 ½ to 5 years incarceration for the PIC charge, yielding the aggregate negotiated sentence of 22 ½ to 45 years. [Appellant] did not file post-sentence motions [or a direct appeal].

> [Appellant] filed a *pro se* petition under the Post Conviction Relief Act ("PCRA") on February 2, 2018. Stephen T. O'Hanlon, Esquire was appointed to represent [Appellant] on May 16, 2018. On July 3, 2018, pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), Mr. O'Hanlon filed a letter stating that there was no merit to [Appellant's] claims for collateral relief ("*Finley* letter"). On July 12, 2018, the [c]ourt issued notice, pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intention to dismiss [Appellant's] petition without a hearing. [Appellant] submitted a response to the [c]ourt's 907 Notice ("907 Response") on July 26, 2018. In his 907 Response, [Appellant] claimed that his trial counsel was ineffective for failing to conduct adequate pre-trial investigation and for providing deficient advice regarding [Appellant's] guilty plea. On August 24, 2018, the [c]ourt dismissed [Appellant's] PCRA petition and granted Mr. O'Hanlon's motion to withdraw his appearance.

PCRA Court Opinion, 11/26/18, at 1–2.

Appellant filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant presents the following questions for our consideration:

> 1. Whether trial counsel was ineffective for failing to communicate to the Appellant not only the terms of the plea bargain offer, but also the relative merits of the offer compared to the Appellant's chances at trial?

2. Whether trial counsel was ineffective for failing to adequately investigate the Appellant's case?

3. Whether the PCRA [c]ourt erred by dismissing the Appellant's petition for Post Conviction Relief without first holding an evidentiary hearing?

Appellant's Brief at 2–3 (issues reorganized for ease of disposition).

As a preliminary matter, we must determine whether we have jurisdiction to consider Appellant's claims. A notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a).

> The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act. Absent extraordinary circumstances, an appellate court lacks the power to enlarge or extend the time provided by statute for taking an appeal. *See* Pa.R.A.P. 105. Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal.

***Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014) (some internal citations omitted). ***Cf.*** Pa.R.A.P. 105(b) *Note* ("Subsection (b) of this rule is not intended to affect the power of a court to grant relief in the case of fraud or breakdown in the processes of a court.").

Here, the PCRA court dismissed Appellant's petition on August 24, 2018. Because the last day of the appeal period ended on Sunday, September 23, 2018, Appellant had until Monday, September 24, 2018, to file an appeal. ***See*** 1 Pa.C.S. § 1908 (whenever the last day of the appeal period falls on a weekend or on any legal holiday, such day shall be omitted from the

computation of time). Appellant's notice of appeal was docketed three days late, on Thursday, September 27, 2018. Appellant does not aver fraud or a breakdown in the trial court's processes as the cause of his untimely filing. Pa.R.A.P. 105(b) *Note.*

Appellant was incarcerated when he filed his notice of appeal. "Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." ***Commonwealth v. Brandon***, 51 A.3d 231, 234 n.5 (Pa. Super. 2012) (citation omitted). ***See Commonwealth v. Wilson***, 911 A.2d 942, 944 (Pa. Super. 2006) (recognizing that under the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing). However, it is incumbent upon the incarcerated *pro se* litigant to "supply sufficient proof of the date of mailing[.]" ***Thomas v. Elash***, 781 A.2d 170, 176 (Pa. Super. 2001). Under the rule, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the [*pro se* document] with the prison authorities...." ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997)).

In discussing the prisoner mailbox rule, the ***Jones*** Court provided a non-exhaustive list of documents that can aid in establishing the date of mailing under the prisoner mailbox rule:

> Next, we turn to the type of evidence a *pro se* prisoner may present to prove that he mailed the appeal within the deadline. As provided in [Pa.R.A.P.] 1514, a Postal Form 3817, Certificate of Mailing, constitutes proof of the date of mailing. ***In Smith [v.***

> ***Pennsylvania Board of Probation and Parole***, 546 Pa. 115,
> 683 A.2d 278 (1996)], we said that the "Cash Slip" that the prison
> authorities gave Smith noting both the deduction from his account
> for the mailing to the prothonotary and the date of the mailing,
> would also be sufficient evidence. We further stated in ***Smith*** that
> an affidavit attesting to the date of deposit with the prison officials
> likewise could be considered. This Court has also accepted
> evidence of internal operating procedures regarding mail delivery
> in both the prison and the Commonwealth Court, and the delivery
> route of the mail, to decide the last possible date on which the
> appellant could have mailed an appeal based on the date that the
> prothonotary received it. ***Miller v. Unemployment
> Compensation Board of Review***, 505 Pa. 8, 476 A.2d 364
> (1984). Proof is not limited to the above examples[,] and we are
> inclined to accept any reasonably verifiable evidence of the date
> that the prisoner deposits the appeal with the prison authorities.

***Jones***, 700 A.2d at 426.

Herein, Appellant's notice of appeal is undated. Appellant attached a *pro se* application to proceed in *forma pauperis*, a certificate of service, and a verification to his notice of appeal. The certification indicates that the notice of appeal was mailed on September 17, 2018, but it is hand-dated and signed September 20, 2018. The undated application and verification are also hand-dated and signed September 20, 2018.

Notwithstanding the inconsistent dates on his attachments, Appellant has not referred this Court to any reasonably verifiable evidence of the date that he deposited his notice of appeal with the prison authorities. The record does not contain a certificate of mailing, a cash slip, a postage order and receipt, an affidavit, or the mailing envelope that contained the notice of appeal and attachments. In contrast, the record indicates that Appellant knew how to provide such evidence; he included a postage date-stamp when he

- 5 -

filed his *pro se* PCRA petition in February 2018, and he included a dated mailing envelope when he filed his Pa.R.A.P. 1925(b) statement of errors complained of on appeal in October 2018. Docket Entries 18 and 29.

Appellant has failed to demonstrate fraud or a breakdown in the court's processes that would excuse his untimely filing or to provide verifiable evidence that he deposited his notice of appeal with prison authorities in a timely manner pursuant to the prisoner mailbox rule. Therefore, the appeal is untimely, and we lack jurisdiction to review it. Pa.R.A.P. 903(a); **Williams**, 106 A.3d at 587.[1] Accordingly, we are constrained to quash.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/15/19

---

[1] Although Appellant was sentenced on January 13, 2016, he indicates on his notice of appeal that the appeal was taken from a January 17, 2016 sentencing order. Notice of Appeal, 9/27/18. Had Appellant's appeal been timely, the defective date would not have invalidated his appeal. **See Williams**, 106 A.3d at 587 ("A timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise defective.").