# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Desiree Ottley, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 468 C.D. 2024 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | Submitted: May 6, 2025 |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE STACY WALLACE, Judge
HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                                          FILED:   June 12, 2025


Desiree Ottley (Claimant), *pro se*, petitions for review of the November 20, 2023, order of the Unemployment Compensation (UC) Board of Review (Board) that affirmed the decision of a Referee, which found Claimant ineligible for Pandemic Unemployment Assistance (PUA) benefits. Upon review, we are constrained to quash Claimant's petition for review as untimely filed.

We set forth only the facts necessary for our disposition. Claimant applied for PUA benefits with an effective date of November 29, 2020. Certified Record (C.R.) at 119. The Unemployment Compensation service center issued a determination finding Claimant ineligible for benefits. *Id.* at 26. Claimant appealed the service center's determination to a Referee, who affirmed. *Id.* at 37, 72-76. Claimant subsequently appealed to the Board, which affirmed the Referee's decision. *Id.* at 83, 94. Claimant successfully filed for reconsideration, but thereafter

the Board issued an order dated November 20, 2023, again affirming the Referee's decision that Claimant is ineligible for benefits. *Id.* at 106, 110, 118-21.

On April 10, 2024, Claimant petitioned this Court for review of the Board's November 20, 2023 Order. Therein, Claimant included a letter stating that she previously attempted to file a petition for review in this Court, but it was never delivered. Petition for Review at 1.[1] She attached a print-out of United States Postal Service (USPS) website tracking information, which she alleges shows that her petition for review was "delivered to [this Court's] post office on December 23, 2023." *Id.* at 1, 18.

This Court filed an order on June 14, 2024, directing the parties to address the issue of whether Claimant timely filed her petition for review in their principal briefs on the merits or by other appropriate application. Claimant filed an "Answer" on June 17, 2024, stating that "[e]vidence was previously submitted to the Court indicating the original filing on December 20, 2023, as mailed. Consequently, the appeal should be adjudicated as filed."[2] The Board did not address the issue of timeliness in its brief or any other filing.

Pennsylvania Rule of Appellate Procedure 1512(a)(1) requires that a petition for review be filed within 30 days of entry of an agency's determination. Pa.R.A.P. 1512(a)(1). Our rules permit filing to be accomplished by mail, and dictate that except as otherwise provided, mailed papers will be deemed filed on the date of the Prothonotary's receipt. *See* Pa.R.A.P. 121(a) ("except as otherwise provided by these rules, filing shall not be timely unless the papers are received by

---

[1] Citations to Claimant's Petition for Review reflect electronic pagination.
[2] Claimant's single-paragraph "Answer" was titled "Per Curiam" as though it were issued by the Court.

2

the prothonotary within the time fixed for filing."). Pennsylvania Rule of Appellate Procedure 1514(a) contains one such exception to Rule 121(a), providing that when

> [a] petition for review is filed by first class, express, or priority United States Postal Service mail, the petition shall be deemed received by the prothonotary for the purposes of Pa.R.A.P. 121(a) on the date deposited in the United States mail, as shown on a United States Postal Service Form 3817 Certificate of Mailing, Form 3800 Receipt for Certified Mail, Form 3806 Receipt for Registered Mail, or other similar United States Postal Service form from which the date of deposit can be verified.

Pa.R.A.P. 1514(a).

Here, Claimant's Petition for Review was received on April 10, 2024, 142 days after the entry of the Board's order. While Claimant contends that she mailed an earlier petition for review to the Court on December 20, 2023, the evidence of record does not support that contention.

At the outset, we note that the USPS tracking information attached to Claimant's petition for review shows that USPS became "in possession of item" on December 20, 2023; that the item arrived at 1425 Crooked Hill Road, Harrisburg (the location of a United States Postal Service Office) on December 23, 2023; and that the item was thereafter labeled "available for pickup." Petition for Review at 17-18.

Notably, the USPS tracking information attached to the petition for review provides no detail about what was deposited in the mail, and moreover, provides no information about the sender's address or recipient's address. This lack of detail is in stark contrast to the type of information collected on the certificate of mailing forms permitted to establish timely filing under Pa.R.A.P. 1514(a). This Court never received the item purportedly sent in the mail on December 20, 2023,

3

and cannot confirm its contents. Accordingly, the USPS tracking information attached to Claimant's petition for review cannot function as a substitute for the certificate of mailing forms detailed under Section 1514(a), and therefore cannot be used to establish a date of filing.

We contrast the facts of this matter with cases in which this Court may, from its own records, determine the date of mailing, and thus apply an exception to Rule 1514(a) under our Supreme Court's decision in *Miller v. Unemployment Compensation Board of Review*, 476 A.2d 364, 367 (Pa. 1984). In *Miller*, the Supreme Court held that an appeal docketed by this Court's Prothonotary 3 days after the 30-day deadline was nonetheless valid, when an "[e]xamination of Commonwealth Court's own internal records would have revealed that the petition was timely mailed, and thus timely filed." *Id.* at 365. Since "the record show[ed] clearly and without dispute that a petition for review was timely mailed prior to the 30-day jurisdictional deadline . . . a fair and just interpretation of our rules makes a dismissal improper." *Id.* at 367. Here, the sole record provided to determine the date of mailing is the USPS tracking information submitted by Claimant, which, for the reasons articulated above, does not establish that she mailed a petition for review to the Court on the date indicated, nor may we internally verify same.

"It is well established that the failure to timely appeal an administrative agency's action is a jurisdictional defect." *Sofronski v. Civ. Serv. Comm'n, City of Phila.*, 695 A.2d 921, 924 (Pa. Cmwlth. 1997) (citations omitted). As such, the time for taking an appeal "cannot be extended as a matter of grace or mere indulgence." *Id.* On this record, we cannot substantiate Claimant's assertion that she filed a petition for review on December 20, 2023. Accordingly, we are constrained to quash

4

Claimant's petition for review filed April 10, 2024, as untimely.

_____
MATTHEW S. WOLF, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Desiree Ottley, :
              Petitioner :
               :
           v. : No. 468 C.D. 2024
               :
Unemployment Compensation :
Board of Review, :
              Respondent :

**O R D E R**

AND NOW, this 12th day of June 2025, Desiree Ottley's petition for review of the Unemployment Compensation Board of Review's November 20, 2023 Order is QUASHED as untimely filed.

_____
MATTHEW S. WOLF, Judge