IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amgad Baabal,                              :
                          Petitioner       :
                                           :
          v.                               : No. 441 C.D. 2023
                                           : Argued:  June 4, 2025
Unemployment Compensation                  :
Board of Review,                           :
                          Respondent       :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  August 25, 2025


        Amgad Baabal (Baabal), *pro se*, filed a petition for review in this Court from

the order mailed February 15, 2023, by the Unemployment Compensation Board of

Review (Board).  The Board then filed an application for summary relief, contending

Baabal failed to timely file his appeal.[1]  After careful review, we deny the application

for summary relief.

---

[1] Babaal filed a brief in response to the application.  Additionally, Philadelphia Legal Assistance
filed an amicus curiae brief opposing the application and participated in oral argument before this
**(Footnote continued on next page…)**

## BACKGROUND

This Court received a letter via United States Postal Service (USPS) mail on March 20, 2023, from an individual purporting to be Baabal's family member. The family member explained Baabal was out of the country addressing a family emergency and asked that we hold a hearing on Babaal's unemployment compensation matter upon his return. We issued a notice instructing Babaal to file a petition for review within 30 days, and Babaal timely complied. In the February 15, 2023 order on appeal, the Board affirmed the decision of the referee dismissing Babaal's appeal from a notice of determination as untimely.

The Board filed its application for summary relief on June 28, 2023, asserting Baabal's appeal was untimely because this Court did not receive the letter from his family member within the 30-day appeal period.[2] The Board argues the deadline for Babaal to appeal its order was March 17, 2023, but we did not receive the letter until March 20, 2023. Board's Br. at 4. Although the Board acknowledges the envelope in which the letter arrived included a USPS postmark dated March 13, 2023, it argues the date of receipt should control because the letter "did not include a certificate of mailing, a certified mail form, or *any* [USPS] form." *Id.* at 2, 8 (emphasis added by Board). Further, the Board asserts Babaal is not entitled to *nunc pro tunc* relief, and considering his petition for review to be timely filed without the required USPS form

---

Court. The term "amicus curiae," or "friend of the court," refers to a non-party "who petitions the court or is requested by the court to file a brief in the action because that person has a strong interest in the subject matter." Black's Law Dictionary 106 (11th ed. 2019).

[2] "Like summary judgment, summary relief is appropriate when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *C.M. v. Pa. State Police*, 269 A.3d 1280, 1283 n.7 (Pa. Cmwlth. 2022) (en banc). The Board's application is more appropriately characterized as an application to quash.

or "some sort of evidence showing why such a form was not available, or . . . that could serve as the functional equivalent of the required form," would improperly expand the appeal period to 31 days. *Id.* at 4-6, 13-14.

## DISCUSSION

A petition for review of an order of the Board must be filed within 30 days of the date the order was mailed. Pennsylvania Rule of Appellate Procedure 108(a)(1), 1512(a)(1), Pa.R.A.P. 108(a)(1), 1512(a)(1). Filing a petition for review outside the 30-day appeal period is a jurisdictional defect and requires that we quash the appeal.[3] *G.R.S. v. Dep't of Hum. Servs.*, 329 A.3d 770, 773-774 (Pa. Cmwlth. 2025). Critical to our decision in this case is Pennsylvania Rule of Appellate Procedure 1514(a). At the time we received the letter from Babaal's family member, Rule 1514(a) provided as follows:

> **(a) Filing with the prothonotary.**--The petition for review, with proof of the service that is required by paragraph (c) of this rule, shall be filed with the prothonotary of the appellate court in person or by first class, express, or priority United States Postal Service mail.
>
> If the petition for review is filed by first class, express, or priority United States Postal Service mail, the petition shall be deemed received by the prothonotary for the purposes of Pa.R.A.P. 121(a) **on the date deposited in the United States mail, as shown on a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified**. The certificate of mailing or other similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service and shall show the docket number of the matter in the government unit, and shall be either enclosed with the petition or separately mailed to the prothonotary.

---

[3] An appeal *nunc pro tunc* is available "only where fraud or a breakdown in the court's operations has occurred, or where the appellant, his counsel, or a third party's non-negligent actions have caused a delay in the filing of an appeal." *Borough of Duncansville v. Beard*, 919 A.2d 327, 330 (Pa. Cmwlth. 2007).

Upon actual receipt of the petition for review, the prothonotary shall immediately:

(1) stamp it with the date of actual receipt. That date, **or the date of earlier deposit in the United States mail as prescribed in this paragraph**, shall constitute the date of filing;

(2) assign a docket number to the petition for review; and

(3) give written notice of the docket number assignment in person or by first class mail to the government unit that made the determination sought to be reviewed, to the petitioner, and to the other persons named in the proof of service accompanying the petition.

Pa.R.A.P. 1514(a) (some emphasis added).[4]

We also recognize that the Court initially received a letter, rather than a formal petition for review. Babaal did not file his petition for review until the Court issued its notice instructing him to do so. When we issued the notice, Commonwealth Court Internal Operating Procedure 211 provided:

When the Prothonotary receives a written communication that evidences an intention to appeal an adjudication of a state administrative agency but does not conform to the rules for an appellate petition for review, the Prothonotary shall time-stamp the written communication with the date of receipt. The Prothonotary shall advise the party by letter (1) of the procedures necessary to perfect the appeal and (2) that the date of receipt of the communication will be preserved as the date of filing of the appeal if that party files a fully conforming petition for review within 30 days of the date of the Prothonotary's letter. If the party fails to file a fully conforming petition for review within that period, the Prothonotary shall advise the party by letter that the Court will take no further action in the matter.

---

[4] Rule 1514 was amended, effective January 1, 2024. It now lists additional USPS forms that may be used to establish the date of deposit.

210 Pa. Code § 69.211.[5] Despite the language quoted above, that the date of receipt will be preserved as the date of filing of the appeal, an initial written communication "falls within [Rule] 1514(a) . . . to make use of the [USPS] Form 3817 to ensure timely filing." *See Alston v. Unemployment Comp. Bd. of Rev.*, 967 A.2d 432, 437 (Pa. Cmwlth. 2009) (en banc).

We recently addressed this issue in *Pelletier v. Unemployment Compensation Board of Review*, ___ A.3d ___ (Pa. Cmwlth., No. 1615 C.D. 2022, filed August 25, 2025) (en banc). That matter involved a *pro se* claimant who, like Babaal, sent a written communication to the Court challenging an unemployment compensation order via USPS mail. The Board filed a motion to quash, which we denied. Relying on the Pennsylvania Supreme Court's decision in *Miller v. Unemployment Compensation Board of Review*, 476 A.2d 364 (Pa. 1984), we concluded the claimant substantially complied with the Pennsylvania Rules of Appellate Procedure because her initial written communication evidencing an intention to appeal arrived at this Court one business day after the 30-day appeal period expired. We reasoned as follows:

> Because the Board mailed its order on November 14, 2022, the last day to timely file a petition for review was December 14, 2022. Pelletier's initial communication arrived at this Court via USPS mail only one business day after the deadline, on December 15, 2022, and we infer Pelletier mailed her initial communication at least one business day before it arrived. Accordingly, based on the Court's internal records, it is "manifest" that Pelletier timely mailed her initial communication. *See Miller*, 476 A.2d at 365-67.

*Pelletier*, ___ A.3d at ___, slip op. at 6-7 (footnote omitted).

---

[5] Internal Operating Procedure 211 was amended, effective April 26, 2025. The current version provides that the date of receipt or earlier date of deposit in the United States mail will be preserved as the date of filing. Further, it lists USPS forms that may be used to establish the date of deposit.

The same reasoning applies here. The Board mailed its order on February 15, 2023, so Babaal had until Friday, March 17, 2023, to timely file a petition for review. The letter from Babaal's family member arrived at this Court the following business day, Monday, March 20, 2023, via USPS mail. Babaal's family member must have mailed the letter at least one business day before it arrived and, therefore, we conclude the letter was timely mailed within 30 days of the Board's order in substantial compliance with the Pennsylvania Rules of Appellate Procedure.[6]

## CONCLUSION

For the foregoing reasons, Babaal's appeal was timely filed, and we deny the Board's application for summary relief.

_____
STACY WALLACE, Judge

---

[6] We note the letter from Babaal's family member arrived in an envelope with a USPS postmark dated March 13, 2023, which is further evidence that it was mailed on time. Nonetheless, we would reach the same result even if the postmark were absent or illegible.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amgad Baabal,                 :
            Petitioner   :
                      :
      v.               : No. 441 C.D. 2023
                      :
Unemployment Compensation  :
Board of Review,         :
            Respondent :

# **O R D E R**

**AND NOW**, this 25th day of August 2025, the application for summary relief filed by the Unemployment Compensation Board of Review on June 28, 2023, is **DENIED**. The Prothonotary is directed to issue a briefing schedule on the merits of the appeal.

_____
STACY WALLACE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amgad Baabal,                           :
              Petitioner      :
                             :
        v.                              :
                             :
Unemployment Compensation               :
Board of Review,                        :     No. 441 C.D. 2023
              Respondent      :     Argued: June 4, 2025

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

CONCURRING/DISSENTING OPINION
BY JUDGE COVEY                       FILED:  August 25, 2025

      I agree with the Majority's conclusion that pro se Petitioner, Amgad Baabal (Claimant), substantially complied with the Pennsylvania Rules of Appellate Procedure (Rules) from which this Court can determine that he timely filed his written communication evidencing an intention to appeal (initial communication) with this Court from the Unemployment Compensation (UC) Board of Review's (UCBR) February 15, 2023 order based on this Court's receipt of the initial communication one business day after the appeal deadline. Because I believe that where the mailing date can be reliably established by a mailing envelope that includes a clearly identifiable United States Postal Service (USPS) postmark, which accompanies a pro se initial communication, as herein, the mailing date can serve as the filing date, even when the document is received by this Court after the expiration of the 30-day appeal period, I

respectfully dissent. *See Miller v. Unemployment Comp. Bd. of Rev.*, 476 A.2d 364 (Pa. 1984).

Claimant's sister sent an initial communication to this Court expressing Claimant's desire to appeal the UCBR's order. The Prothonotary stamped it received on March 20, 2023. The envelope which contained the initial communication is postmarked March 13, 2023. This Court issued a notice directing Claimant to file a petition for review within 30 days, and he timely complied. The UCBR filed an application for summary relief seeking this Court to dismiss the appeal on June 28, 2023, alleging therein that Claimant's appeal was untimely and therefore, it should be dismissed. The UCBR argues that this Court did not receive Claimant's initial communication until March 20, 2023, after the 30-day appeal period expired on March 17, 2023. The UCBR concedes that the envelope in which Claimant's initial communication arrived included a clearly identifiable USPS postmark dated March 13, 2023, but contends that the initial communication was untimely because Claimant did not provide a Certificate of Mailing or any other form that could verify the date of deposit. According to the UCBR, Claimant has not demonstrated that he is entitled to *nunc pro tunc* relief, and considering his initial communication to be timely filed without the required USPS form or, at the very least, some sort of evidence showing why such a form was not available, or that could serve as the functional equivalent of the required form, would impermissibly expand the appeal period from 30 days to 31 days.

Amicus Curiae, Philadelphia Legal Assistance (PLA), asserts that pro se initial communications will often have a paper trail that allows the court to discern whether the appeal was mailed prior to the appeal deadline. The PLA emphasizes that in the instant case, the appeal was due March 17, 2023, the initial communication was

accompanied by an envelope with a clearly identifiable USPS postmark date of March 13, 2023, and the Prothonotary stamped it received on March 20, 2023, one business day after it was due.[1]  Thus, the PLA maintains that this paper trail should be sufficient evidence of substantial compliance with Section 211 of this Court's Internal Operating Procedures (IOP), 210 Pa. Code § 69.211.

In *Miller*, the Pennsylvania Supreme Court explained:

> [T]he "just, speedy and inexpensive determination" of matters before all our courts, trial and appellate, requires the orderly management of dockets and the timely filing of all relevant papers.  Provision must also be made for determining when the timeliness requirements have been met.  **It must be possible to determine the timeliness of a filing from either the face of the document or from the internal records of the court**.  It would be inefficient and unduly burdensome to require courts to hold evidentiary hearings to determine timeliness.  Any such rule would defeat the purpose the timeliness requirements are meant to accomplish.
>
> Those same rules, however, are to be "liberally construed." [Rule 105(a),] Pa.R.A.P. 105(a); [Pennsylvania Rule of Civil Procedure 126,] Pa.R.C[iv].P. 126.  [Our Supreme Court] ha[s] long refused to give overly technical, restrictive readings to procedural rules, particularly when remedial statutes such as the [UC Law[2]] are involved.  [*See*] *Unemployment Comp*[.] [*Bd.*] *of Rev*[.] *v. Jolliffe*, . . . 379 A.2d 109 ([Pa.] 1977); *Lattanzio v. Unemployment Comp*[.] [*Bd.*] *of Rev*[.], . . . 336 A.2d 595 ([Pa.] 1975).  **Dismissals are particularly disfavored.  "The extreme action of dismissal should be imposed by an appellate court sparingly**, **and clearly would be inappropriate when there has been substantial compliance with the rules** and when

---

[1] This Court references *business day* herein because there was a weekend between the appeal deadline and when this Court received the initial communication.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

AEC - 3

the moving party has suffered no prejudice." *Stout v. Universal Underwriters Ins*[.] *Co.*, . . . 421 A.2d 1047, 1049 ([Pa.] 1980) (Rules . . . .); [*s*]*ee also In Re Tax Claim Bureau, German* [*Twp.*]*, Mt. Sterling 54½ Acres, Miscellaneous B*[*ldgs.*]*,* . . . 436 A.2d 144 ([Pa.] 1981) (Rules of Civil Procedure).

*Miller*, 476 A.2d at 366-67 (emphasis added; footnote omitted).

The *Miller* Court concluded:

[The Pennsylvania Supreme Court] do[es] not condone untimeliness. In cases such as this, however, **where the record shows clearly and without dispute that a petition for review was timely mailed prior to the 30-day jurisdictional deadline**, where counsel for the appellant apprises the court of the record in that respect and **timeliness can be determined from an examination of the records of the court**, **a fair and just interpretation of our rules makes a dismissal improper**.

*Id*. at 367 (emphasis added). Accordingly, our Supreme Court ruled the appeal to be timely filed because the petitioner substantially complied with Rule 1514 (relating to the filing of petitions for review).

Initial communications are governed by Section 211 of this Court's IOPs, which currently includes the identical requirements as Rule 1514 for determining timeliness.[3] However, at the time Claimant's sister mailed his initial communication,

---

[3] Rule 1514(a)(2) provides:

If the petition for review is filed by first class, express, or priority [USPS] mail, the petition shall be deemed received by the prothonotary for the purposes of [Rule 121(a),] Pa.R.A.P. 121(a)[,] on the date deposited in the United States mail, as shown on a [USPS] Form 3817 Certificate of Mailing, Form 3800 Receipt for Certified Mail, Form 3806 Receipt for Registered Mail, or other similar [USPS] form from which the date of deposit can be verified. The certificate of mailing or other similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service and shall show the

Section 211 of this Court's IOPs did not mirror Rule 1514, which was the applicable Rule under *Miller*.[4]  Notwithstanding, the USPS postmark on the envelope that accompanied Claimant's initial communication "shows clearly and without dispute that [his] [initial communication] was timely mailed prior to the 30-day jurisdictional

---

> docket number of the matter in the government unit, and shall be either enclosed with the petition or separately mailed to the prothonotary.

Pa.R.A.P. 1514(a)(2).  Section 211(b) of this Court's IOPs provides:

> If the communication is sent by first class, express, or priority [USPS] mail, the communication shall be deemed received by the Prothonotary for the purposes of [Rule] 121(a) on the date deposited in the United States mail, as shown on a [USPS] Form 3817 Certificate of Mailing, Form 3800 Receipt for Certified Mail, Form 3806 Receipt for Registered Mail, or other similar [USPS] form from which the date of deposit can be verified.  The certificate of mailing or other similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service and shall show the docket number of the matter in the government unit, and shall be either enclosed with the communication or separately mailed to the Prothonotary.

210 Pa. Code § 69.211(b).

[4] At the time Claimant's sister mailed his initial communication, Section 211 of this Court's IOPs provided in its entirety:

> When the Prothonotary receives a written communication that evidences an intention to appeal an adjudication of a state administrative agency but does not conform to the rules for an appellate petition for review, the Prothonotary shall time-stamp the written communication with the date of receipt.  The Prothonotary shall advise the party by letter (1) of the procedures necessary to perfect the appeal and (2) that the date of receipt of the communication will be preserved as the date of filing of the appeal if that party files a fully conforming petition for review within 30 days of the date of the Prothonotary's letter.  If the party fails to file a fully conforming petition for review within that period, the Prothonotary shall advise the party by letter that the Court will take no further action in the matter.

*Former* 210 Pa. Code § 69.211.

deadline[.]" *Id.* Accordingly, said USPS postmark should constitute substantial compliance with Section 211 of this Court's IOPs.[5]

For the reasons expressed in *Pelletier v. Unemployment Compensation Board of Review*, ___ A.3d ___ (Pa. Cmwlth. No. 1615 C.D. 2022, filed August 25, 2025) (en banc) (Covey, J., dissenting), I agree with the PLA that when evaluating the timeliness of an appeal filed by a UC claimant, the fair and just interpretation of substantial compliance with Section 211 of this Court's IOPs is where **the mailing date can be reliably established by a mailing envelope that includes a clearly identifiable USPS postmark or a USPS postage paid label**, **the mailing date should serve as the filing date**, **even when the document is received by this Court after**

---

[5] Significantly, the UCBR's Regulations allow for the filing date of an appeal from a Department of Labor and Industry (Department) determination to be established by either the date of the official USPS postmark on the envelope containing the appeal, or the date of a postage meter mark on the envelope containing the appeal. *See* Section 101.82 of the UCBR's Regulations, 34 Pa. Code § 101.82. Specifically, Section 101.82(b) of the UCBR's Regulations instructs:

> A party may file a written appeal by any of the following methods:
>
> (1) *United States mail.* The filing date will be determined as follows:
>
> (i) **The date of the official [USPS] postmark on the envelope containing the appeal**, a [USPS] Form 3817 (Certificate of Mailing) or a [USPS] certified mail receipt.
>
> (ii) If there is no official [USPS] postmark, [USPS] Form 3817 or [USPS] certified mail receipt, **the date of a postage meter mark on the envelope containing the appeal**.
>
> (iii) If the filing date cannot be determined by any of the methods in subparagraph (i) or (ii), the filing date will be the date recorded by the Department, the workforce investment office or the [UCBR] when it receives the appeal.

34 Pa. Code § 101.82 (bold emphasis added). Accordingly, prior to a claimant's appeal to this Court, the UCBR had determined the timeliness of a claimant's appeal at the agency level using, *inter alia*, the date of the official USPS postmark or the date of the postage meter mark on the envelope containing the appeal or the date of a postage meter mark on the envelope containing the appeal.

**the expiration of the 30-day appeal period**. Accordingly, in addition to treating a claimant's pro se initial communication received one day after the deadline as timely, a claimant's pro se initial communication accompanied by an envelope with a clearly identifiable USPS postmark or a USPS postage paid label dated before the appeal deadline, as herein, should be treated as timely.

For all of the above reasons, I respectfully dissent.


_____
ANNE E. COVEY, Judge

President Judge Cohn-Jubelirer and Judge Dumas join in this Concurring/Dissenting Opinion.