IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Bastion,                              :
                          Petitioner          :
                                              :
              v.                              :    No. 653 C.D. 2024
                                              :    Submitted: September 11, 2025
Unemployment Compensation Board               :
of Review,                                    :
                          Respondent          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P.)
           HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED:  December 23, 2025

        Charles Bastion (Claimant), pro se, seeks review of a March 26, 2024 Order
of the Unemployment Compensation Board of Review (Board), which affirmed a
decision by a Referee that dismissed Claimant's appeal as untimely.  Claimant was
challenging a Disapproved Waiver Request, which was issued to Claimant for a non-
fraud pandemic unemployment assistance (PUA) overpayment.   Because the
timeliness of an appeal is jurisdictional and Claimant has not shown one of the
exceptions to the timeliness requirement applies to warrant *nunc pro tunc* relief, we
are constrained to affirm.

        In October 2020, Claimant filed an application for PUA benefits.  (Referee's
Decision Finding of Fact (FOF) ¶ 1.)  Claimant was initially found eligible for PUA

benefits in the amount of $572 per week. (Certified Record (C.R.) at 22.) A redetermination was subsequently issued reducing those benefits to $195 per week. (*Id.* at 26.) As a result of the redetermination, a Notice of Determination Non-Fraud PUA Overpayment was issued to Claimant in August 2021. (*Id.* at 29.) In September 2021, Claimant submitted an Overpayment Waiver Questionnaire, seeking a waiver of the overpayment. (*Id.* at 67.) On March 21, 2022, the Department of Labor and Industry (Department) issued the Disapproved Waiver Request, which denied Claimant's request for a waiver of the recoupment of the non-fraud PUA overpayment. (*Id.* at 47.) The Disapproved Waiver Request included appeal instructions, which provided that any appeal must be filed within 21 calendar days of the determination date. (*Id.* at 51.) As the determination date of the Disapproved Waiver Request was March 21, 2022, Claimant's appeal would have to be filed by April 11, 2022. (FOF ¶ 2.)

On January 30, 2023, the Department received a letter from Claimant dated January 17, 2023, stating Claimant "filed for an appeal three times" and his state representative also "sent a message on [Claimant's] behalf." (C.R. at 63.) Claimant asserted he "d[id] not feel [he] owe[d] this money back." (*Id.*) A telephone hearing before a Referee was scheduled.[1] (*Id.* at 80.) The notice scheduling the telephone hearing indicated that the hearing was limited solely to the issue of whether Claimant filed a timely appeal. (*Id.*)

At the hearing, Claimant testified on his own behalf. Claimant confirmed that when he opened his claim, he selected postal mail as his preferred notification method and that the various determinations issued were correctly addressed. (*Id.* at 97.) Claimant acknowledged receiving the determinations, but could not recall

---

[1] The notice of the telephone hearing indicated that multiple appeal dockets were being consolidated for purposes of the hearing. (C.R. at 80.)

exactly when, though he claimed it was after the appeal period had run. (*Id.* at 97-98, 100, 102.) Claimant testified he called, emailed, and sent a letter in an attempt to appeal. (*Id.* at 99.) Claimant did not dispute that he sent his appeal letter on or about January 17, 2023, the date written on the letter. (*Id.*) Claimant could not recall to what email he sent an appeal and explained he did not have a copy of that email because he is "not a computer person." (*Id.* at 100.) Claimant indicated he also sought the assistance of his state representative in approximately July 2022. (*Id.* at 101.)

Following the hearing, the Referee issued a decision dismissing Claimant's appeal as untimely because Claimant's appeal was filed in January 2023, well after the April 11, 2022 deadline to appeal the Disapproved Waiver Request determination. The Referee further found Claimant had not established fraud or an administrative breakdown, which would excuse the late appeal. (C.R. at 106.)

Claimant subsequently appealed to the Board, which adopted and incorporated the Referee's findings and conclusions. (*Id.* at 129.) To the extent Claimant asserted he tried unsuccessfully to call the Department, the Board determined this was "not grounds for a late appeal," as the appeal instructions included in the determination explain the methods available for appeal. (*Id.* at 129-30.) Concluding the appeal was late and that Claimant had not established fraud, an administrative breakdown, or non-negligent conduct contributed to the late appeal, the Board affirmed the dismissal of the appeal as untimely. (*Id.* at 130.)

Thereafter, Claimant filed a Petition for Review with this Court.[2] Before this Court,[3] Claimant largely argues the merits of the overpayment decision. As to the timeliness issue, the sole issue before the Court, Claimant asserts on January 17, 2023, he "filed an appeal for the third time." (Claimant's Br. at 1.) Claimant does not explain or provide any information about the first two appeals he purports to have filed. The Board responds that Claimant's appeal is approximately 10 months late and Claimant has not established good cause for the late filing.

Section 501(e) of the Unemployment Compensation Law governs appeals from Department determinations and states:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the [B]oard, from the determination . . . no later than twenty-one calendar days after the "Determination Date" provided on such notice, and applies for a hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

---

[2] Claimant initially filed a letter with this Court seeking review of the Board's Order. That letter was received April 26, 2024. Although the letter was received one day after the deadline to file a timely petition for review, the letter was considered timely pursuant to *Miller v. Unemployment Compensation Board of Review*, 476 A.2d 364 (Pa. 1984). Claimant subsequently perfected his appeal by filing a Petition for Review in the appropriate form within 30 days of this Court's April 26, 2024 Notice.

In his initial communication to this Court and in his subsequently filed Petition for Review, Claimant identified only the Board's Order at docket number 2023003712-BR, which relates to Referee docket number 2023008824-AT, which dismissed the appeal from the Disapproved Waiver Request. Therefore, our review is limited to this Order.

[3] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

43 P.S. § 821(e).[4]  The failure to file an appeal within the requisite time period deprives the tribunal of jurisdiction over the matter and the determination becomes final.  *Dumberth v. Unemployment Comp. Bd. of Rev.*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003).  Limited circumstances exist in which an untimely appeal may be considered.  *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).  Allowable exceptions include cases involving fraud, a breakdown in the administrative process, or when there is a "non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal."  *Bass v. Commonwealth*, 401 A.2d 1133, 1135-36 (Pa. 1979).  The burden of proving an entitlement to one of these exceptions is a heavy one.  *Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229 (Pa. Cmwlth. 2021).

The "determination date" on the Disapproved Waiver Request is March 21, 2022, so any appeal therefrom was due by April 11, 2022.  However, Claimant did not file an appeal until January 2023.  This appeal was untimely under Section 501(e) of the Law.  At the hearing and again before this Court, Claimant asserts he filed three appeals.  As factfinder, the Board is charged with resolving any conflicts in evidence and adjudging witness credibility.  *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).  The only appeal for which there is any credited evidence is the January 2023 appeal, which resulted in the hearing before the Referee.

To the extent Claimant asserts his unsuccessful attempts to contact the Department constitutes a breakdown in the administrative process, which warrants *nunc pro tunc* relief, like the Board, we cannot agree.  "The Pennsylvania Supreme

---

[4] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

Court characterized administrative breakdown as occurring when 'an administrative body acts negligently, improperly or in a misleading way.'" *Harris*, 247 A.3d at 1229 (quoting *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Rev.*, 746 A.2d 581, 584 (Pa. 2000)). In *Hessou*, we rejected an argument that the Department's failure to return a claimant's phone calls warranted *nunc pro tunc* relief when the determination provided the claimant with notice of the appeal period. 942 A.2d at 200. Here, there is no indication that the Department acted negligently or improperly or misled Claimant in any way as to his appeal rights. To the contrary, Claimant acknowledged he read the appeal instructions that were enclosed with the determination. (C.R. at 101.) Moreover, Claimant did not claim his efforts to contact the Department were related to filing an appeal; rather, he testified he was trying to get an explanation as to why he was found to have been overpaid in the first instance. (*Id.*)

Because Claimant's appeal was untimely and Claimant did not meet the heavy burden of establishing a right to *nunc pro tunc* relief, we are constrained to affirm the Board's Order.

_____
RENÉE COHN JUBELIRER, President Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Bastion,                    :

              Petitioner      :

                       :

         v.             :    No. 653 C.D. 2024

                       :

Unemployment Compensation Board  :

of Review,                    :

           Respondent    :

# **O R D E R**

**NOW**, December 23, 2025, the Order of the Unemployment Compensation Board of Review, dated March 26, 2024, is **AFFIRMED**.

_____

RENÉE COHN JUBELIRER, President Judge